# Wood *v.* Richmond & Danville Railroad Company.

*Action by Passenger to Recover Damages for Personal Injuries.*

1. *Contributory negligence; knowledge of defect.*—Where a passenger in passing from the station to defendant's train fell over lumber, obstructing the platform in part, which he knew was on the platform, but had forgotten at the time he fell, he is guilty of contributory negligence.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This was an action brought by W. H. Wood against the R. & D. R. R. Co to recover damages for personal injuries alleged to have been suffered by reason of the defendant's negligence. There was judgment for the defendant, and plaintiff appeals.

There was no substantial conflict in the evidence in this cause, and the facts are sufficiently shown in the opinion.

Upon the hearing of all the evidence, the court, at the request of the defendant, gave the following written charge: "If the jury believe the evidence they must find for the defendant."

JOHN S. JEMISON, for the appellant.

JAMES WEATHERLY, for the appellee.

COLEMAN, J.—The plaintiff, Wood, sued to recover damages for personal injuries. . There is no substantial conflict in the evidence, and we are of opinion that the defendant was guilty of negligence as averred in the complaint. The main question is as to whether the plaintiff was guilty of contributory negligence. The facts show that about 6 o'clock P. M., October 4, 1890, plaintiff arrived at Pell City to take passage on defendant's road for Birmingham; that he purchased a first-class ticket; that the train was delayed until about 1 o'clock A. M.; that the route from the station house to the train was over a platform prepared by the defendant for the use of passengers; that there were pieces of lumber and cross-ties on the platform obstructing in part the passageway; that there was room sufficient for passengers on the platform between the pile of lumber and the edge of the platform; that it was dark, and defendant had no lights, and that in attempting to reach the train at the place where passengers were accustomed to board the train, he stumbled over the obstruction and was injured. There was other evidence tending to show the same facts. Plaintiff himself testified that he had seen the lumber and obstruction on the platform, and knew its location, but testified that at the time he stumbled upon the obstruction, "he did not recollect the fact that he had seen the timbers the evening before." The passenger train had been standing some time on a side track, near the station and convenient to it, waiting until a freight train moved out from the depot on the main track. There does not appear to have been any emergency for unusual haste. As we have said, the defendant was guilty of negligence in failing to have the passageway cleared of obstructions, or having sufficient light to enable the passengers to see the obstructions. It does not appear that there was any difficulty in passing along the platform by one who knew of the obstruction, if he was at all careful. Did inattention, thoughtlessness, forgetfulness, or in the language of the plaintiff, that at the time "he did not recollect having seen the timbers there the evening before" constitute such contributory negligence *per se*, as to justify the giving of the affirmative charge by the court for the defendant? In the case of *L. & N. R. R. Co. v. Hall*, 87 Ala. 708, in reference to an employe suing the road, the court uses this language: "On the other hand if he has been sufficiently warned or notified, and from inattention, indifference, absentmindedness, or forgetfulness, he fails to inform himself, or fails to take the necessary steps to avoid the injury, this is negligence and he should not recover. Citing many

authorities to the proposition. The facts of the case of the *A. G. S. R. R. Co. v. Arnold,* 84 Ala. 159, in some respects were similar to the one now under consideration. The station house or ticket office was upon an elevated platform. The descent from the platform was by means of a narrow stair-way. Arnold was familiar with the way of descent and was "cautioned to look out for the steps." It was dark and there were no lights, and plaintiff did not call for lights. As he attempted to descend to board the train he deflected too far to the right, missed the steps, and fell and was injured. Arnold's fall was not occasioned by forgetfulness, or absent-mindedness. His purpose was to descend the steps but missed them. The court held, though not unanimously, that, under the circumstances of the case, the question of contributory negligence was a fact to be determined by the jury. The difference between that case and the one at bar is this, in the former the injured party had in mind the diffi-culty of the descent, and according to his testimony was en-deavoring to descend by the stepway but mistook its exact location. In the case at bar no lights were called for, there was no thought of the obstruction, and heedlessly or from forgetfulness, the plaintiff stumbled and fell. We think his own testimony shows that he was guilty of contributory neg-ligence. We can not foresee the result if it be once ad-mitted that mere forgetfulness, or inattention, can excuse negligence.

We find no error in the record, and the judgment must be Affirmed.