# King, Admr. v. Woodstock Iron Co.

### Action Under Employer's Liability Act.

1. *Employer and employee; assumption of risks.*—A minor, eighteen or nineteen years of age, is presumed to have the same intelligence in assuming the risks of an employment, as an adult has. If he is inexperienced, and needed special instruction, that is a matter to be shown by the evidence in the cause.

2. *Same; same; special instructions.*—When a minor has reached the age at which he is presumed to have sufficient intelligence to assume the risks of the employment, and asserts that he understands the duties of the position assumed by him, it is not incumbent on the employer to give him special instructions.

3. *Same; same; orders of employer.*—Where an employe is inexperienced, and not supposed to be acquainted with the dangers of a particular piece of work, the fact that he expressed a willingness to undertake the work, did not relieve the employer of the duty not to send him on a perilous journey connected therewith.

APPEAL from the City Court of Anniston.

Tried before the Hon. Thomas W. Coleman, Jr.

This action was brought by Frank Martin, as administrator of the estate of Sydney Olive, deceased, against the appellee, the Woodstock Iron Company, claiming damages for the death of plaintiff's intestate,—alleged to have been caused by the defendant,—and revived in name of J. H. King as such.

There are three counts in the complaint. The first count charges that Charley Fipps, as yard foreman, and who had superintendence intrusted to him, negligently ordered plaintiff's intestate to get on one of the seven gondola cars as brakeman and stop the same after they had entered the switch track, and that the said gondola cars had started down the incline and that Olive was unable to stop said cars before they had collided with the freight cars standing on the switch track, and, by reason of the collision, Olive was killed; and that plaintiff's intestate was killed by reason of the negligence of said Fipps in ordering him to serve as brakeman on said cars without informing him of the dangers and perils incident thereto and knowing that he was a minor of about 18 years of age and without experience as a brake-man and that his death resulted from his having conformed to the orders of the said Fipps.

The gist of the second count of the complaint is that Fipps negligently allowed a freight car to remain on said switch track and that, in riding the seven gondola cars down the incline, plaintiff's intestate was unable to stop them before a collision, although he seasonably applied the brakes.

The third count of the complaint avers that the plaintiff's intestate was killed by reason of the negligence of said James Wright, as engineer, in pulling, forcing or propelling said gondola cars when they left the stockhouse with such great speed and momentum that plaintiff's intestate could not stop the same by the application of brakes before they collided with said freight car on the sidetrack.

Defendants pleaded the general issue and contributory negligence, the latter in four pleas.

The plaintiff demurred to the third, fourth and fifth pleas of contributory negligence, which demurrers the court overruled.

The evidence was to the effect that the defendant was at that time engaged in the manufacture of iron ore into pig iron, and, as a part of its plant, it had a stock-house, the floor of which was about eighteen or twenty feet above the level of the ground, and cars were run into this stock-house up an incline railway which connected

[King, Admr. v. Woodstock Iron Co.]

with the switch track.

Plaintiff's intestate began to work for the defendant on the day before the accident to him, as brakeman, and it was a part of his duty as such brakeman to ride the empty cars from the stock-house down the incline on to the switch track. The switch engine would start the empty cars down the incline, then uncouple, run down the incline ahead of the cars, and run on one sidetrack, and the empty cars with the brakeman would follow behind, going on another sidetrack, the brakeman applying brakes as the cars went on down so as to stop them within about two or three hundred yards of the stock-house.

One Charley Fipps was yard foreman in charge of this work and James Wright was the engineer running the switch engine. On the morning of the accident, the plaintiff's intestate was engaged as brakeman and went to work riding cars down the incline. He rode a gondola car down in the morning, leaving it on the switch track and, later in the day, there were seven empty gondola cars in the stock-house, and the switch engine was attached to the same and they were started down the incline with Sidney Olive as brakeman between two of the cars, whose duty it was to stop the cars on the sidetrack and before they reached and collided with the empty car previously placed on the sidetrack that same morning by him. Olive was a young man about 18 or 19 years old. It was his duty as brakeman to promptly apply the brakes after leaving the stockhouse.

In riding these seven cars down, they collided with the empty car already on the switch track and he (Sidney Olive) was killed by the collision.

The lower court gave the affirmative charge for the defendant, and there was judgment for it. Plaintiff moved for a new trial, which motion was overruled. From the judgment, and action of the court on such motion, the plaintiff takes this appeal.

LAPSLEY & ARNOLD, for appellant, cited:—*Williams v. L. & N. R. R.*, 91 Ala. p. 640; *K. C. M. & B. Co. v. Burton.* 97 Ala. 240.

[King, Admr. v. Woodstock Iron Co.]

BLACKWELL & AGEE, *contra*, cited:— *Lovell v. DeBardelcben C. & I. Co.*, 90 Ala. 15; *Tutwiler C. & I. Co. v. Enslen*, 129 Ala. 347; *Pratt C. & I. Co. v. Brawley*, 83 *Ala. 374; *Benedict v. M. St. L. R. R.*, 57 L. R. A. 639; *Williams v. S. M. R. Co.*, 91 Ala. 638; *L. & N. R. R. Co. v. Banks*, 104 Ala. 518; *Holland v. T. C. & I. Co.*, 91 Ala. 444.

SIMPSON, J.—The demurrers to the 3rd plea were properly overruled. The intestate, being eighteen or nineteen years of age, is presumed to have been of sufficient intelligence to assume the risk of the employment to the same extent as if he was twenty-one, and if he was inexperienced and needed special instruction, that was a matter to be shown by evidence on the part of the plain-tiff.—*Williams, v. S. & N. Ala. R. R. Co.*, 91 Ala. 335, 338; *Lovell v. DeBardeleben Coal & Iron Co.*, 90 Ala. 15.

And the demurrer to the fourth plea was also properly overruled, for the same reason, and the further one that there is no allegation going to show that there was any special increased danger (which was not obvious) in carrying this train of cars down, than there was in carrying the train which he had previously managed.

The demurrers to the fifth plea was properly overruled. Although the pleadings show that the intestate was a minor, yet they show that he had reached the age of discretion, so as to charge him with responsibility in such matters. So, it was not necessary to deny that he was a minor, nor, in view of his own assurances that he understood the duties of the position, to give him any special instructions. As to that part of the plea which alleges that defendant would not have placed him on duty except for his assurance, if it was improper, it should have been reached by a motion to strike.

The replications to the 4th plea are mere reiterations of facts alleged in the complaint, and do not present any new issues for the determination of the jury, and the danger of coming into collision with a car which the intestate himself had left on the track, was so obvious as not to suggest any special warning or instruction, in relation thereto to a young man eighteen years of age.

The next error assigned is the giving of the general

charge by the court, on the written request of the defendant.

It is shown by the testimony that the intestate was inexperienced, that he was employed only the day before the accident occurred, and one witness testified that it was "Dangerous to put an inexperienced man on the cars coming down this incline."

It is true that Fipps did not peremptorily order the intestate to go on the cars, as the evidence is that Fipps himself remarked, "I am going to ride them down," and the intestate replied, "I'll go" or "I'll ride them down," and Fipps then said "Well then go and get on at the double brakes and hold them, and if they stop at the crossing I'll pull them off."

As the intestate was subject to the orders of Fipps, inexperienced and not supposed to be acquainted with the dangers of the situation, the mere fact that he showed a willingness to undertake the work, by offering to ride the cars down, did not relieve Fipps from the duty not to send him on a perilous journey, and the instructions given by Fipps constituted an order to the intestate to ride the cars down. It is true that it is not clear, from the evidence, what did cause the accident; yet, from what has been said, it is evident that there were facts in evidence, which rendered it proper to submit the case to the jury. Consequently, the court erred in giving the general charge in favor of the defendant.

The judgment of the court is reversed and the cause remanded.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.