# Woodstock Iron Works *v.* Kline as Administrator.

*Action for Damages for Personal Injury to Employe.*

(Decided March 2, 1907.    43 So. Rep. 362.)

1. *Master and Servant; Death of Servant; Instructions.*—The fact that a minor servant, who is inexperienced, expresses a willingness to undertake the perilous work does not relieve the master of the duty of giving him proper instructions, unless the servant gives assurance that he understands the details of the work undertaken.
2. *Evidence; Absent Witnesses; Testimony at Former Trial.*—A sufficient predicate is shown for the introduction of the testimony of a witness taken on the former trial of the same case where it appears that a subpoena had been returned, after diligent search and inquiry for the witness, endorsed not found, and it

[Woodstock Iron Works v. Kline as Administrator.]

further appears that the witness had left the county for his home in another state.

3. *Same; Expert Opinion; Relevancy.*—It was competent and not irrelevant to show by a railroad man, shown to be an expert, as to whether the letting of seven empty cars down an incline twenty feet high was dangerous and perilous to the person riding them down.

4. *Same; Experts; Competency.*—One who had worked occasionally at railroad breaking, but who could not say that he understood the business thoroughly, was not competent to testify as to the difficulty or not of stopping a string of seven empty cars equipped with two brakes, going down an incline twenty feet high, before they reached a certain crossing.

5. *Master and Servant; Injury to Servant; Orders of Foreman; Instructions.*—A charge asserting that if the employe stated to his foreman that he would ride the cars down, and the foreman thereupon told him to get on at the double brakes and hold the cars, such directions would constitute an order on the part of the foreman to employe to ride the cars down the incline, was properly given.

6. *Trial; Misleading Instructions.*—A charge asserting that if riding the cars down the incline was perilous and the jury should further find that the peril was obvious to the person riding them, he could not recover, is misleading and properly refused.

7. *Same; Instructions Covered by Instructions Given.*—The court will not be put in error for refusing instructions substantially covered by instructions given.

8. *Same; Argumentative Instructions.*—A requested charge that no duty rested on the foreman to instruct the employe about riding the cars down the incline, if the danger was obvious and the employe was sufficiently developed to understand the dangers, was argumentative and properly refused.

9. *Same; Conformity to Facts and Evidence.*—A requested instruction that although the jury might believe that the foreman ordered the employe to ride the cars down, yet if such order was not the cause of the accident, and the employe's death resulted from such other cause, paintiff could not recover, authorized the jury to speculate as to the cause and was properly refused.

10. *Same; Abstract Instructions.*—A charge asserting that if the jury believe that in the natural course of events deceased would have spent all his earnings in maintaining himself during life, if he lived out his expectancy, plaintiff could not recover was properly refused as being abstract.

11. *Same; Applicability to Issues.*—A charge asserting propositions not raised by the pleading, or that go beyond the issues, is properly refused.

[Woodstock Iron Works v. Kline as Administrator.]

12. *Death; Right to Sue; Personal Representative.*—The personal representative of an intestate may bring an action for his wrongful death.

13. *Same; Pleadings; Complaint; Existence of Heirs.*—It is not necessary to allege or prove that intestate left any heirs at law surviving him in order to enable his personal representative to maintain suit for his wrongful death.

14. *Death; Damages; Nominal Damages.*—In the absence of distributees of decedent's estate a recovery for his wrongful death is limited to nominal damages.

15. *Same; Damages; Proof.*—Proof of deceased's earning capacity, his age, life expectancy, habits of industry, business, etc., constitute sufficient proof from which pecuniary compensation might be awarded in an action for his wrongful death.

16. *Limitation of Action; Commencement of Action; Amendment.*—Intestate was killed Nov. 13, 1901, and suit for his death was commenced Nov. 12, 1902, and an amendment to the declaration was filed Dec. 4, 1905. Held, that the amendment was not barred by the statute of limitations, if within the lis pendens.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by Charles D. Kline, as administrator of the estate of Sydney Olive, against the Woodstock Iron Works. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count complains of the negligence of the defendant's yardmaster, Fipps, in ordering the intestate to serve as a brakeman without informing him of the dangers and perils incident thereto, knowing that he was a minor and without experience as a brakeman. The fourth count substantially averred that on the 13th of November, 1901, the defendant was engaged in operating an iron furnace, and that it operated a railroad track running from an elevation to the ground and connected with the switch track; that the intestate was employed as a brakeman, and inexperienced in said work and employment, in running cars on said track, which was dangerous and perilous; that Fipps was defendant's yard foreman, and had superintendency intrusted to him of said track and switch, and of intestate, and that intestate conformed to the orders of said Fipps; that Fipps ordered plaintiff's intestate to get on a train

of seven cars, and ride them down the incline, and stop them on the switch track; that in obedience to the orders plaintiff's intestate got on the cars and stated them down the incline from the stockhouse towards the switch track, lost control of them, and they collided with a car standing on the switch track, so that the intestate was thrown from the car and run over; and that his death was proximately caused by the negligence of Fipps in causing intestate to work at said employment, and negligently failing to warn or instruct, or see that he was warned or instructed, of the dangers of riding the cars down the incline—the plaintiff's intestate being inexperienced, and Fipps having knowledge of his inexperience.

The evidence tended to show that plaintiff's intestate was about 18 1-2 years old, a bright and intelligent boy, youthful in appearance, sober and industrious; that the defendant was operating an iron furnace, and that in operating this furnace it operated a railroad track from the ground, where it connected with the main switch track, upon an incline trestleway, into its stockhouse; that in getting cars out of the stockhouse the engine would start the cars over the incline, cut loose from the cars, and run on ahead into a switch track, leaving the cars to be braked down into the main switch track. It was further shown that on the 12th day of November, 1901, Fipps was a yardmaster, and employed plaintiff's intestate to work about the furnace at $1.25 a day; that he did not put him to braking cars that day, but on the 13th day of November put him to braking cars down the incline. It was shown that on the morning of the 13th three empty cars were pulled out of the stockhouse, and plaintiff's intestate rode the same down the incline in safety and stopped them on the switch track. At a later hour on the same morning seven empty cars were pulled out, and as they were being started down the incline Fipps said to intestate that he (Fipps) would ride them down, and intestate replied, "No, I will ride them down," and Fipps said, "Well, then, get on at the double brake and ride them down and if they stop on the crossing or before they get to the crossing, we will pole them over." Plaintiff's intestate got on the cars

and proceeded down the incline, and the cars got out from under his control, ran down the incline, and collided with a freight car on the switch track, throwing intestate between them and running over him. The evidence tended to show, also, that it was more difficult to ride down seven cars in safety than three, and that it would require skill and experience to carry seven cars down the incline. There was conflict in the testimony as to whether or not deceased attempted to apply the brakes, and as to whether the danger was apparent or latent. The other facts appear in the opinion of the court.

The defendant requested the following charges, which were refused: (1) "The court charges the jury that, unless they are reasonably satisfied from the evidence that Fipps ordered Olive to ride said cars down the incline, plaintiff is not entitled to recover." (2) "If the jury should find from the evidence that riding said gondola cars down said incline was dangerous and perilous, and if they further find from the evidence that the danger of so riding said cars down said incline was an obvious danger, and one that was apparent to plaintiff's intestate, then he cannot recover in this suit." (4) "The court charges the jury (affirmative charge as to fourth count.)" (5) "The court charges that no duty rested upon Charles Fipps to instruct Sydney Olive about riding the seven gondola cars down the incline, if the danger and peril of riding said cars down was obvious and apparent to said Olive, and he was developed physically and mentally sufficiently to appreciate and understand the danger." (8) "The court charges the jury that if Sydney Olive appeared to Charles Fipps as being 21 or 22 years of age at the time he came to work at the said switch engine with said Fipps, and if said Fipps from his appearance believed that said Olive was as old as his appearance indicated, then no duty rested upon Fipps to instruct him as to any dangers incident to riding gondola cars down said incline, whether Olive was experienced or inexperienced as a brakeman." (14) "The court charges the jury that, although they may believe from the evidence that Fipps ordered Olive to ride the cars down, yet, if such orders of Fipps was not the

cause of the accident to Olive, but that death to Olive was caused by some other cause, plaintiff is not entitled to recover." (17) "The court charges the jury that if they believe the evidence they cannot find against the defendant for more than nominal damages." (25) "The court charges the jury, if they believe from the evidence that in the natural course of events Sydney Olive would have spent all his earnings on his sustenance and maintenance during his lifetime, if he had lived his expectancy, the plaintiff is not entitled to recover." (26) "The court charges the jury that if there was a safe way of riding said gondola cars down the incline and there was an unsafe way of riding the same down, and if they further believe from the evidence that Sydney · Olive knowingly chose the unsafe way, then the plaintiff cannot recover." (28) "The court charges the jury that there is no evidence in this case that the defendant knew that the plaintiff's intestate was a minor." Charge 31 was practically the same as charge 5. (32 "The court charges the jury that, if they should find any damages against the defendant, such damages could be nothing more than nominal damages, and no damages or verdict can be rendered against the defendant, even for a nominal amount, unless the plaintiff has proven his case."

At the request of the plaintiff, the court gave the following charges: "(1) If the jury are reasonably satisfied, from all the evidence, that Fipps offered to ride the cars down, and Sydney Olive said, 'I will ride them down,' and that Fipps then said, 'Get on there at the double brakes and hold them,' this would constitute in law an order on the part of Fipps to Sydney Olive to ride the cars down the incline. (2) The court charges the jury that the cause of action in this case is not barred by the statute of limitations of two years. (3) The court charges the jury that the cause of action is not barred by the statute of limitations of one year. (4) The court charges the jury that if they believe from the evidence that Charles Fipps said to plaintiff's intestate, Olive, 'Well, go and get on at the double brakes on the cars and hold them,' this was as a matter of law, an instruction by said Fipps to plaintiff's intestate.

The application for a new trial was based upon errors as alleged and discussed in this opinion. There was verdict for plaintiff in the sum of $2,000.

BLACKWELL & AGEE, for appellant.—Counsel discuss the assignments of error predicated on the admission and exclusion of evidence but cite no authority. An employe of intelligence and understanding, although a youth of eighteen or nineteen years assumes the ordinary risks of his employment.—*Williams v. S. & N. R. R. Co.*, 91 Ala. 640; *Mary Lee C. & Ry. Co. v. Chambliss*, 97 Ala. 178; *L. & N. R. R. Co. v. Stutz*, 105 Ala. 369; *Boyd v. Indian Head Mill*, 131 Ala. 356; *Southern Ry. Co. v. Guyton*, 122 Ala. 231; *Alabama Min. R. R. Co. v. Martin*, 128 Ala. 355; 1 Labatt on M. & S. § 291. Where the danger is obviously perilous and appreciated and understood by the employe he cannot claim indemnity for having obeyed the order.—1 Labatt on M. & S. §§ 442-3. There is no duty on the master to warn a servant as to obvious danger.—*L. & N. R. R. Co. v. Boland*, 96 Ala. 632; *Holland v. T. C. I. & N. R. R. Co.*, 106 Ala. 641; *L. & N. R. R. Co. v. Bouldin*, 121 Ala. 197; *Worthington & Co. v. Goforth*, 124 Ala. 655; *N. Bir. S. Ry. Co. v. Wright*, 130 Ala. 419. If there is any doubt whether or not the danger is obvious it becomes a question for the jury.—*Whatley v. Zenida Coal Co.*, 122 Ala. 118. Where there are two ways of doing a thing the duty is upon the employe to select the safer way.—*Davis v. Western Ry. Co.*, 107 Ala. 626; *M. & B. R. R. Co. v. George*, 94 Ala. 218; *M. & B. R. R. Co. v. Holborn*, 84 Ala. 133; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *Highland Ave. & Belt R. R. Co. v. Walters*, 91 Ala. 443. There is no duty to instruct as to patent dangers.—*Ala. Min. R. R. Co. v. Marcus*, 115 Ala. 389; *L. & N. R. R. v. Binion*, 107 Ala. 645; *L. & N. R. R. Co. v. Boland*, 96 Ala. 632. Plaintiff's intestate was killed when he was between eighteen and nineteen years of age and at a time when his father was drawing his money so his administrator cannot recover for the period covered by his minority.—*Williams v. S. & N. A. R. R. Co.*, 91 Ala. 635; *A. C. C. & C. Co. v. Pitts*, 98 Ala. 285; *T. C. I. & R. R. Co. v. Herndon*, 100 Ala. 456. The measure of

damages in cases of this character is clearly laid down in the case of *Fordyce v. McCants*, 4 L. R. A. 296. The duty was upon plaintiff to furnish data to enable the jury to ascertain with reasonable certainty the amount of damage.—*L. & N. R. Co. v. Orr*, 91 Ala. 553; *A. G. S. R. R. Co. v. Hall*, 105 Ala. 607.

LAPSLEY & ARNOLD, for appellee.—A sufficient predicate was shown for the introduction by Olive of the former testimony of Fipps, an absent witness, and the court did not err in its admission.—*Lowrey v. The State*, 98 Ala. 45; *Jacobi v. The State*, 133 Ala. 1; *Mitchell v. The State*, 114 Ala. 1; *Lowe v. The State*, 86 Ala. 47; *Burton v. The State*, 107 Ala. 68. The court did not commit error in refusing the written charges requested by defendant. With the possible exception of charge 1, all the other charges were covered by written instructions given at the request of defendant.—*A. G. S. Ry. Co. v. Burgess*, 116 Ala. 509; *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34; *K. C. M. & B. R. R. Co. v. Burton*, 97 Ala. 240. Charge 1 was not applicable to all the counts of the complaint.—*Arndt v. Cullman*, 121 Ala. 552. The cause of action as differently laid in the different counts of the complaint is predicated on the principles of law as declared in the following cases.—*Mary Lea C. & Ry. Co. v. Chambliss*, 97 Ala. 177; *A. S. & W. Co. v. Wrenn*, 136 Ala. 479; *Ala. Min. R. R. Co. v. Marcus*, 128 Ala. 355; *Robinson Mining Co. v. Tolbert*, 132 Ala. 466. The law will presume that there are surviving relatives entitled to inherit.—*James v. R. & D. R. R. Co.*, 92 Ala. 235.

HARALSON, J.—The pleadings were settled on a former appeal.—143 Ala. 632, 42 South. 27. There were then three counts in the complaint, and five pleas of contributory negligence. Another count, the fourth, since the reversal and remandment of the cause, was added. The case was tried, the last time, on the first count, which was filed under subdivision 3 of section 1749 of the Code of 1896—employer's liability act—and the fourth count, which was under subdivision 2 of said

section. To this count defendant pleaded the statute of limitations of one and two years.

1. On the former appeal it was held that a minor, such as deceased was, 18 1-2 years old, is presumed to have the same intelligence in assuming the risks of an employment, as an adult has. It was averred in the first count, that the deceased was a minor and without experience as a brakeman, which position he filled when he was killed. If the deceased was inxperienced and needed special instruction, this was a mattr to be shown by the plaintiff's evidence in the cause.

It was further held, that when a minor reached the age at which he is presumed to have sufficient intelligence to assume the risks of the employment, and gives assurance that he understands the details of the position assumed by him, it is not incumbent on the employer to give him special instructions; but, if he is inexperienced, and not supposed to be acquainted with the dangers of the risk, and expresses a willingness to undertake it, this does not relieve the employer of the duty not to send him on a perilous journey connected therewith, without, at least, giving him proper instructions.

2. There was no error in allowing proof of what the absent witness, Fipps, swore on the former trial. A sufficient predicate had been laid therefor in the evidence of Olive, Hubbard, Woodruff and Boozer. It was shown that a subpoena issued for him as a witness in the case, to the sheriff of Calhoun county; that the sheriff made diligent search and inquiry for him and could not find him, and that Fipps left the county and said, on leaving, that he was going back to his home in Tennessee where he lived.—*Percy v. State,* 125 Ala. 52, 27 South. 844; *Jacobi v. State,* 133 Ala. 1, 32 South. 158; *Perry v. State,* 87 Ala. 30, 6 South. 425; 3 Mayfield's Dig. 498, § 1235.

The addition of count 4, after the former trial, did not affect the competency of this evidence. It made no new case, and nothing in it affected the witness' former testimony. What he then said was as applicable to the case with, as without the fourth count.

3. The witness, O'Rouke, was asked by the plaintiff: "As a railroad man I will ask you, whether or not let-

ting empty cars, say seven empty cars down an incline 20 feet high,—down that incline, whether or not in carrying them on down to the track on the ground, is a dangerous business, perilous to the person who rides them down?" and he replied, that it was dangerous. The defendant objected to the question because it called for illegal, irrelevant and immaterial evidence. In argument, counsel insist that the witness was not shown to be expert. He had, however, just testified to facts showing that he was competent on that score, and the evidence was certainly not incompetent or irrelevant under the pleadings.

4. Hill, a witness for defendant, was asked by him, "Whether or not there was any difficulty in stopping a string of seven cars going down that incline with two brakes, before they reached the Oxford Lake crossing?" The plaintiff objected, because the witness was not shown to be an expert. The witness answered questions by the court, that he never followed braking as a business, but he had worked off and on, occasionally, and could not say that he understood the business thoroughly. The court sustained the objection, and it does not appear that it erred in so doing.

5. Having examined the several charges given for the plaintiff, we are impressed that there was no error in giving them.—*King v. Woodstock Iron Co.,* 143 Ala. 632, 42 South. 27.

6. Charge 1, requested by defendant, was properly refused. The first charge requested by plaintiff, held to be proper under the evidence, asserted a contrary principle to the one here set up, instructing that what Fipps said to deceased, as to getting on the cars, amounted to an order for him to do so.

7. Charge 2, requested for defendant, was calculated to mislead the jury, and was properly refused. Furthermore, the principle enunciated in this charge was substantially given in other written charges requested by defendant.

8. Charge 4, which was the affirmative charge as to count 4, was properly refused. There was evidence tending to support said count.

9. Charge 5 is substantially covered, by given charge 9 for defendant. Charge 31 is argumentative, and was properly refused on that account.

10. The only insistence for charges 8 and 11, requested by defendant, is that there was no evidence tending to show that Fipps knew that deceased was inexperienced, whereas the evidence in the case afforded ground for the inference to the contrary.

11. Charge 14 was correctly refused. It would have been difficult for the jury to understand it. What is meant by the expression, "that the death of Olive was caused by some other cause," is not well understood, and was authorizing the jury to speculate as to the cause, and was calculated to mislead and confuse them. The order of Fipps might have led to the accident without being its cause. The collision of the gondola cars with the standing car on the track was the real cause of the accident. The negligent manner of letting them down the grade, and the want of care in controlling them as they descended may have contributed to bring about this result. As a whole, the charge was well calculated to confuse and mislead the jury.

12. Charges 17 and 32 were properly refused. The suit was properly instituted by the personal representative of the deceased, and it was unnecessary to allege and prove that the deceased left surviving him any heirs at law.—C. & W. Ry. v. Bradford, 86 Ala. 574, 6 South. 90. As was said in that case: "A collateral fact of that character, the existence of which in almost all cases is common knowledge will be presumed."

Charge 25 was abstract and not improperly refused on that account. Charge 26 asserts a proposition not raised in the pleadings in the cause and was properly refused.

Charge 28 goes beyond the matters set up in the pleas and shown by the evidence, and was, therefore, properly refused.

In this case it does not appear that there were no distributees of deceased's estate, to whose benefit the money would inure. It is only in such case, that the re-

covery is held to be limited to nominal damages.—
*James v. R. & D. R. R. Co.,* 92 Ala. 231, 9 South. 335;
*T. C. C. & I. Co. v. Enslen,* 129 Ala. 348, 30 South. 600.
Here it was shown that deceased had a father who sur-
vived him, and it was not shown, or attempted to be
shown, that he left no other distributees. His earning
capacity, his age, probable duration of life, habits of in-
dustry as were shown, business, etc., furnishes proper
data from which a pecuniary compensation might be
fixed by the jury.—*L. & N. R. R. Co. v. Orr* 91 Ala. 548,
8 South. 360; *James v. R. & D. R. R. Co.,* 92 Ala. 231,
9 South. 335; *McAdory v. L. & N. R. R. Co.,* 94 Ala.
272, 10 South. 507; *Tutwiler Coal, Coke & Iron Co. v.
Enslen,* 129 Ala. 348, 30 South. 600.

13. It is proper to add that deceased was killed on
the 13th of November, 1901, and this suit was com-
menced on the 12th of November, 1902. The fourth
count, by way of amendment to the complaint, was filed
on the 4th of December, 1905. It was certainly within
the lis pendens and was, therefore, not barred.—*Nelson
v. First National Bank,* 139 Ala. 578, 36 South. 707, 101
Am. St. Rep. 52.

The motion for a new trial, which we have considered,
was, in our judgment properly overruled.—*Reiter-Con-
nolly Mfg. Co. v. Hamlin,* 144 Ala. 194, 220, 40 South.
280.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.


## Action for Damages for Death of Employee.

