# Woodward Iron Co. *v.* Lowther.

## *Injury to Servant.*

### (Decided October 14, 1915. 69 South. 877.)

1. *Master and Servant; Injury; Direction to Servant.*—Under the evidence in this case it was for the jury to determine whether defendant's bank boss caused and ordered plaintiff to go to the room where he was injured.

2. *Same.*—Where the count in the complaint charged that defendant's bank boss ordered plaintiff to work in a certain room, and the proof showed that the order, if given, was not to go there to work, but to go there to inspect the place, the variance was immaterial, as the employer's liability for injuries received there would be the same whether plaintiff was ordered to the room to work or to inspect it.

3. *Appeal and Error; Variance; Objection Below.*—Under rule 34, Circuit Court Practice, the trial court will not be put in error for refusing the affirmative charge because of a variance unless it appears from the record that the variance was brought to the attention of the trial court by a proper objection to the evidence.

4. *Master and Servant; Injury to Servant; Liability.*—Where a miner was due to remain in the mine after he had finished his daily task until a time beyond the time when he was injured, and went to another part of the mine where he was injured, upon the order or with the consent of his superiors, he was still an employee entitled to the protection of the law governing the relationship and answerable for the duties imposed upon him.

5. *Same.*—In such case where the miner went to another room than where he worked without the order or consent of his superior, the employer was not liable whether plaintiff was an employee or licensee, and although the accident occurred before the working day was over and before plaintiff had left or made preparation to leave the mine.

6. *Same; Variance; Pleading and Proof.*—Where the liability of an employer under the evidence was rested upon the negligence of a bank boss in ordering or causing the miner, an employee, to go to the room where he was injured, defendant was entitled to the affirmative charge as to a count of the complaint charging that plaintiff while in the mine of defendant was injured, etc., an averment which, whether referring to the status of plaintiff as a licensee when he entered the mine, or to his status as a licensee at the time of the injury, was entirely unsupported by the evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Emmet Lowther against the Woodward Iron Company for damages for injuries sustained while in its eployment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

CABANISS & BOWIE, for appellant.

BEDDOW & OBERDORFER, and W. A. DENSON, for appellee.

This case was submitted and considered under new rule 46, and the opinion of the court was delivered by Mr. Chief Justice ANDERSON.

This case went to the jury under counts 3, 4, and A of the complaint. Count 3. is framed under the second subdivision of the Employers' Act, section 3910 of the Code; anl count 4 under subdivision 3 as for negligently ordering the plaintiff by one Langley, a superintendent, to go to room 13, wherein he encountered explosive gas and sustained his injuries.

(1) The evidence shows that the plaintiff was an employee in the defendant's mine at the time of the injury, and had gone to inspect room 13 when he was injured. It is true he was not actually working in said room 13 when injured, but he was otherwise employed in the mine on the day of the injury, and had been for some time previous thereto. The plaintiff had been promised this room 13, in which he was to mine coal for the defendant, and, while engaged as an employee in and about the mine, he went up to inspect this room before commencing to work therein; and there was evidence from which the jury could infer that he went there either upon the orders of Langley or with his knowledge and consent. There was also evidence from which the

jury could infer that Langley knew of the existence of gas in the room, or negligently failed to ascertain the fact before ordering or permitting the plaintiff to go to same. The witness Gibson testified, among other things: "On the day the plaintiff got hurt I heard a conversation between the plaintiff and the bank boss, Mr. Langley, and in that conversation I heard Emmet Lowther say, 'I am going to look at the place you gave me to work;' and Mr. Langley said, 'All right; go ahead;' and Emmet said, 'Must I go ahead?' and Mr. Langley said, 'Yes; go ahead.'"

The plaintiff testified: "How come me to go to room 13? The bank boss told me to go up there. The bank boss was Mr. Langley. I went to this room 13 as soon as he told me to go up there. I met Mr. Langley, and he asked me where I was going, and I told him I was going to look at room 13 that he had given me to work in, and he told me to go ahead and look at it. I went right up there to this room."

We think that the evidence was sufficient to create an inference for the jury that Langley caused the plaintiff to go to room 13, as charged in count 3, and that he ordered him to do so as averred in count 4.

The trial court did not err in refusing the defendant's requested general charge as to either of these counts. It may be that the plaintiff started up to inspect this room of his own volition, but, before getting up there, he had a conversation with Langley; and it was open for the jury to find, not only that Langley ordered him to proceed, but that it was the duty of the plaintiff to conform to said order.—*Republic Co. v. Williams,* 168 Ala. 612, 53 South. 76; *Woodstock Co. v. Kline,* 149 Ala. 391, 43 South. 362; *King v. Woodstock Co.,* 143 Ala. 632, 42 South. 27, 40 Cyc. 2802.

(2, 3) It is also contended by the appellant that it was entitled to the general charge on account of a variance, in that count 4 charged that said Langley ordered plaintiff to work at said place, and there was no proof of this as the order, if at all was to go there and inspect the mine. It might be that inspecting the room involved working there, but, be this as it may, if there was a variance, it was immaterial, as the liability would be just the same whether the plaintiff was ordered to go to the room to work, or to go there and inspect the same, and the variance would be covered by rule 34 (175 Ala. xxi), which is as follows: "Rule 34. *Variance; Special Objection Making Point; General charge.*—In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to the variance. And the general objection that the same is illegal, irrelevant and immaterial, will not suffice. Nor will the trial court be put in error for refusing the general charge predicated upon such a variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

As above set out, it was a question for the jury as to whether or not what was said by Langley, in the conversation with the plaintiff, just before the latter went to room 13, amounted to an order. There was therefore no error in refusing defendant's requested charge 6.

(4-6) Count A of the complaint charges that the plaintiff, while in the mine of the defendant, was injured, etc. If this averment relates to the relationship when the plaintiff entered the mine, it does not correspond

with the proof, as the undisputed evidence shows that the plaintiff entered the mine as an employee, and not as a licensee for the benefit of the defendant. On the other hand, if we construe the averment of the relationship to mean the one existing at the time of the injury, we think that the undisputed evidence also shows that the plaintiff was an employee, and not a licensee, as charged in count A; that is, we think that the only evidence tending to show a liability on the part of the defendant made the plaintiff an employee, and there is no middle ground to take on the question, as there is no evidence from which the jury could infer that he was either an employee, so as to justify the refusal of the general charge as to counts 3 and 4, or a licensee, so as to authorize the submission to them of count A. The defendant was therefore entitled to the general charge as to counts 3 and 4, else as to count A, as the evidence showed that he was either an employee or a licensee, and not both. We think, however, that the evidence shows that the plaintiff was still an employee when injured, and not a mere licensee, as charged in count A of the complaint. The plaintiff and Langley both testified that the injury occurred before the expiration of the working day. It is true that the plaintiff testified that he had finished his daily task; yet all the evidence showed that he was due to remain in the mine beyond the time of the injury. He was not then due to leave, and if, for some good reason, he went to another part of the mine upon the order or with the consent of his superior, he was still an employee, entitled to the protection of the law governing such a relationship, and answerable for the duties imposed upon him. Of course, if Langley's testimony is true, the defendant was not liable, whether the plaintiff was an employee

or a licensee, as he denies that plaintiff went to room 13 under his orders or with his consent, though they both testify that the injury occurred before the working day was over, and before the plaintiff had left or made preparations to leave the mine. Therefore the liability of defendant, if any there is, rests upon the negligence of Langley in ordering or causing the plaintiff, an employee, to go to room 13.—*Southern Coal Co. v. Swinny*, 149 Ala. 405, 42 South. 808; *Birmingham Co. v. Rockhold*, 143 Ala. 115, 42 South. 96; *Adams v. Southern Ry. Co.*, 166 Ala. 458, 51 South. 987. The defendant was entitled to the general charge as to count A, and the trial court committed reversible error in refusing same.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.