(82 South. 96)

## S. S. STEEL & IRON CO. v. WHITE.
### (6 Div. 841.)

(Supreme Court of Alabama.    Jan. 16, 1919. Rehearing Denied May 15, 1919.)

1. MASTER AND SERVANT ☞204(1)—EMPLOYERS' LIABILITY ACT—ASSUMPTION OF RISK.

Under the Employers' Liability Act, in no event shall an injured servant be held to have assumed the risk by remaining in the service after knowledge of defect in the ways, works, machinery, etc., unless it was his duty to remedy the defect.

2. MASTER AND SERVANT ☞265(14) — EMPLOYERS' LIABILITY ACT — CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In an action by a servant under the Employers' Liability Act, for injuries, the burden of proof on the issue of contributory negligence is on the employer.

3. MASTER AND SERVANT ☞228(1)—EMPLOYERS' LIABILITY ACT—CONSENT TO INJURY.

The provision of the Employers' Liability Act, that a servant is not guilty of contributory negligence who merely remains in service with knowledge of defect does not abolish the defense of contributory negligence based on other acts or omissions, nor the doctrine of volenti non fit injuria.

4. TRIAL ☞260(1) — INSTRUCTION — REPETITION.

The refusal of a requested instruction almost a duplicate of one given was not error.

Anderson, C. J., and McClellan and Sayre, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

―――――

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 202 Ala. 422.

Action by Noah White against the S. S. Steel & Iron Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

Mathews & Mathews, of Bessemer, for appellee.

MAYFIELD, J. The action is by a servant or agent of the master to recover damages as for personal injuries, on account of negligence.

There is no question raised or argued as to rulings on the pleadings.

All counts of the complaint were eliminated voluntarily by the plaintiff except count A, as to which the pleas of the general issue, contributory negligence, and assumption of risk were pleaded in short by consent. The result was a verdict and judgment for the plaintiff, from which the defendant prosecutes this appeal.

The only errors argued are that the trial court erred in refusing to give the affirmative instruction for the defendant as requested, and the refusal of one other requested charge as to contributory negligence, and the refusal to award a new trial.

The defendant first insists that it was entitled to the affirmative charge upon any one of three theories: First, that the proof failed to establish the negligence alleged in the count; second, that the evidence showed that plaintiff assumed the risk of the danger by which he was injured; and, third that the evidence showed plaintiff to be guilty of contributory negligence, which proximately contributed to his injuries.

We cannot agree with appellant as to any one of these three theories. The sole count on which the case was tried was intended to state a cause of action under the first subdivision of the Employers' Liability Act, section 3910 of the Code, which claimed as for a defect in the ways, works, machinery, etc., of defendant's plant, which was an ore mine. The defect was thus described, omitting formal and immaterial parts:

"Said overhead timber was defective, and said defect consisted in this, said timber had been permitted to sag or hang down and protrude over the track."

Without committing ourselves as to the sufficiency of this count, as to whether any defect was alleged, or, if any, whether sufficiently alleged, because its sufficiency is not now questioned in any manner, there was certainly evidence which tended to prove this allegation, and that it proximately contributed to plaintiff"s injuries. In fact, this defect, if it be a defect, was proven without conflict, as to one alternative; that is, that the timber "protruded over the track."

[1] There was no evidence to show that plaintiff had assumed the risk as to this defect, if defect it was. The proviso of section 3910 of the Code expressly provides that in no event shall the servant be held to have assumed the risk by remaining in the service after knowledge of the defect, unless it was the servant's duty to remedy the defect. There was absolutely no evidence that it was his duty to have remedied the defect, or that it was his negligence which caused the defect.

[2] While there was much evidence to show that plaintiff was guilty of contributory negligence in coming in contact with the timber, which knocked him off the car and injured him, the evidence was not without dispute, and the jury was authorized to find that issue in favor of plaintiff; the burden of proof as to it being on the defendant.

[3] Merely remaining in the service with knowledge of the condition did not make him guilty of contributory negligence, because the proviso of section 3910 of the Code provides otherwise. This provision, however, does not mean that a servant may not be guilty of contributory negligence, such as to prevent his recovery as for negligence under any subdivision of the act; but it provides that merely remaining in the service after knowledge of the defect, or negligence causing the injury, shall not prevent his recovery. Other acts, or even omissions to act, may, however, constitute contributory negligence under this statute as well as in other cases of negligence. Nor does this proviso of the statute deny the application of the doctrine of volenti non fit injuria. While the proviso did change the common-law doctrine to the effect that if the servant remained in the service after knowledge of the defect, or of the negligence of the master or other servant, of which he complained, that he should on that account alone be held to have assumed the risk of being injured. Yet the statute did not and was not intended to abolish or deny the defense of contributory negligence, nor of volenti non fit injuria. Gainer v. So. Ry. Co., 152 Ala. 191, 44 South. 652; So. Cotton Oil Co. v. Walker, 164 Ala. 49, 51 South. 169; Eureka Co. v. Bass, 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; Birmingham Ry. & Electric Co. v. Allen, 99 Ala. 359, 13 South. 8, 20 L. R. A. 457.

[4] It is unnecessary for us to decide whether or not charge 3, as to contributory negligence, was a correct charge or instruction, for the reason that the court gave one or more charges at the request of defendant, which asserted the only propositions of law involved in this refused charge, and one of the given charges is almost a duplicate of the one refused. The court certainly charged the law as favorably to the defendant on this theory of the case as the defendant had a right to request. A party has a right to have correct charges, which are apt, given once,

but not twice or three times, merely changing the verbiage, but not the legal effect thereof.

We are not prepared to say that the trial court erred in refusing defendant's motion for a new trial.

Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J. I dissent from the holding of the majority in this case, and think that the trial court erred in refusing the general charged requested by the defendant. The undisputed evidence shows that the plaintiff was thoroughly familiar with conditions, that he passed up and down under the crossbar or obstruction for five or six days, and that his failure to duck or lower himself so as to avoid being hit by same was due to forgetfulness, inadvertence, or inattention, and which constitutes contributory negligence. In my opinion, the holding of the majority is in direct conflict with the case of Wood v. R. D. R. R. Co., 100 Ala. 660, 13 South. 552, and L. & N. R. R. Co. v. Banks, 104 Ala. 515, 16 South. 547. While the opinion does not bring out the fact during the consideration of this case in conference, it was suggested that some of the evidence tended to show that the premises were not properly lighted at the time of the injury, but the complaint does not proceed upon this theory; and the fact that the light was not as good as usual was a stronger reason why the plaintiff should not have been guilty of inadvertence or inattention when making the trip.

McCLELLAN and SAYRE, JJ., concur in this dissent.