(87 South. 571)

### ORR v. DECATUR BOX & BASKET CO.
(8 Div. 263.)

(Supreme Court of Alabama. Nov. 25, 1920. Rehearing Denied Feb. 10, 1921.)

**1. Master and servant ☞220(2)—Under statute employé not reporting defect in machine "assumes risk."**

Under Code 1907, § 3910, subd. 1, an employé who knows of a defect in the machine on which he works, and of the employer's negligence in connection therewith, but negligently fails, within a reasonable time, to give information thereof to the employer or some one superior to himself in the employer's service, assumes the risk, where the employer does not already know of the defect or negligence, though it was not his duty to remedy the defect, and he did not commit the negligent act causing the injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assumption of Risk.]

**2. Master and servant ☞236(6)—Employé held negligent in placing hand on block being sawed.**

An employé who knows that the lever on a machine is broken and defective and that by placing his hand on a block of wood to be cut or sawed he will probably be cut, but who nevertheless puts his hand on the block, when it is not necessary or proper to do so, is guilty of contributory negligence.

**3. Master and servant ☞217(19)—Instruction on working with knowledge of danger proper.**

An instruction that, though a lever on a machine was broken and thereby defective, yet if the employé operating it knew of the conditions of the lever and knew and appreciated the danger, if any, incident to its use, he could not recover for an injury, was properly given.

**4. Master and servant ☞107(1), 286(10)—Strength of appliance not sole test of fitness, which is for jury.**

Where it was alleged, and there was evidence, that a lever holding blocks in place while being sawed was broken and repaired in such manner that it wabbled, an instruction to find for defendant if the machine was as strong at the time of plaintiff's injury as before it was broken was error, as mere strength was not the sole test of fitness, and it was for the jury to say whether the machine was defective notwithstanding its strength.

**5. Master and servant ☞264(5)—Evidence of acquiescence in violation of rule inadmissible under pleadings.**

Evidence of an employer's acquiescence in the continuous violation of a rule forbidding employés to wear gloves while operating a machine was not admissible under a plea alleging that plaintiff had been instructed not to wear gloves.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Earnest Orr against the Decatur Box & Basket Company for damages for injuries suffered while in its employment. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The counts state the employment by the defendant of the plaintiff in its box-manufacturing plant and the placing of plaintiff to work at a machine having a lever which was used for the purpose of holding the blocks in place while being sawn. Prior to the injury this lever had become broken and had been repaired in a way described therein, but in repairing it the repairs were made in such a way that, instead of holding the lever firm, as it should have done, the lever was allowed while attempting to hold the blocks in place to vibrate or wabble in various directions, causing plaintiff's hand, which was holding the lever, to come in contact with a revolving saw, severing his forefinger and otherwise injuring him.

Plea 2 is as follows:

Plaintiff knew of the alleged defect or negligence causing his alleged injury and negligently failed within a reasonable time to give information thereof to his employer or to some one superior to himself engaged in the service or employment of his employer, and defendant avers that his employer did not already know of such defect or negligence which was known to plaintiff.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plea 4 is similar to plea 2, except it goes more into detail in its allegation of want of knowledge on the part of the defendant of the defect.

Plea 7, as amended:

Plaintiff had heretofore been instructed by the defendant not to wear gloves when he was operating the machine in question, and plaintiff disobeyed said instructions and was wearing gloves at the time he was injured, and because of his violation of said instructions he received the injury complained of, that by the wearing of gloves rendered it more likely for the saw teeth to catch the fabric of the glove and draw the hand of the wearer against the saw and cause it to be cut, and that on this occasion the saw caught the glove worn by the plaintiff on the hand which was cut and thereupon caught and cut plaintiff's hand as alleged, and that plaintiff received the said injury by reason of and as a proximate consequence of the negligence of the plaintiff in wearing said glove as hereinbefore alleged.

As a replication to pleas 2 and 4 plaintiff filed replication A, as follows:

Plaintiff avers that, although he did know of the defect, he did not assume any risk, because it was not his duty to remedy the defect nor that he committed the negligent act causing the injury complained of.

The following is plea 10:

Plaintiff was himself guilty of negligence which proximately contributed to his injury, in this: Plaintiff, well knowing that the lever was broken and thereby defective as alleged, and that by the placing of his hand on the block of wood to be cut or sawed on the near side toward the saw he would probably be cut by the saw, nevertheless plaintiff negligently put his hand on the block of wood on which he was sawing on the near side toward the saw, and received his injury to his hand so placed as aforesaid; that it was not necessary or proper for plaintiff to place his hand on said block of wood as it came in contact with saw in order to saw said block of wood.

The following charges were given at defendant's request:

(B) The court charges you that, even though you believe from the evidence that the lever referred to in the evidence in this case was broken and thereby defective, yet, if you believe from the evidence that the plaintiff, at the time he was operating the machine and before he was injured, knew of the conditions of the lever and knew and appreciated the danger, if any, incident to its use, then there can be no recovery in this case.

(8) If you find that the broken part of the machine after it was broken and repaired and at the time of the injury was as strong as it was before it was broken, then you must find for the defendant.

Wert & Hutson, of Decatur, for appellant.

The pleas of contributory negligence were clearly defective. Section 3910, last paragraph, Code 1907; 203 Ala. 82, 82 South. 96. This applies also to charge B. Counsel discuss other assignments of error, but without further citation of authority.

S. A. Lynne, of Decatur, for appellee.

Court properly gave charges B and 8. 128 Ala. 634, 30 South. 580; 204 Ala. 51, 85 South. 291; 147 La. 464, 85 South. 206. Counsel insist, with citation of authority, that the appeal should be dismissed, but in view of the opinion it is not deemed necessary to here set them out.

SAYRE, J. [1] Plaintiff, appellant, declared under subdivision 1 of section 3910 of the Code (Employers' Liability Act) as for injuries caused by a defect in defendant's machinery. Pleas 2 and 4, though labeled pleas of contributory negligence, were, in effect, pleas of assumption of risk and undertook to set up a defense according to the first phase of the proviso shown by the last paragraph of the section as printed on page 602 of the Civil Code of 1907. The sufficiency of these pleas has been affirmed by this court in a number of cases. Standard Portland Cement Co. v. Thompson, 191 Ala. 444, 67 South. 608; Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 South. 4; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Reynolds v. Woodward Iron Co., 199 Ala. 231, 74 South. 360; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74. The same authorities show that the court's ruling on the demurrer to replication A was free from error.

[2, 3] The demurrer to plea 10, a proper plea of contributory negligence, was properly overruled, and charge B was properly given on defendant's request. S.-S. Steel & Iron Co v. White, 203 Ala. 82, 82 South. 96.

[4] Charge 8, given at the request of defendant, should have been refused. More strength was not the sole proper test of the fitness of the machine after, or for that matter before, the break was repaired. The allegation of the complaint was that the machine, after it was repaired, vibrated or wabbled. There was evidence to sustain this allegation, and it was for the jury to say whether the machine was defective for this reason, notwithstanding it may have been as strong as it had been before it was broken, and whether such defect, if defect it was, proximately caused plaintiff's injuries.

[5] It does not appear that the trial court committed error in its rulings on the evidence, offered with a view, it seems, to showing that defendant had acquiesced in the continuous violation of its rule which required its employés not to wear gloves when operating the machine in question. A. G. S. v. Roach, 110 Ala. 266, 20 South. 132. Demurrer to plea 6, in which defendant attempted to set up such a rule and plaintiff's violation of it, was sustained, thus putting that issue out of the case. Nor was this evidence ad-

missible under amended plea 7. The evidence in the case of each assignment of error was patently irrelevant to the issue whether or not defendant had instructed plaintiff not to use gloves.

For the error shown the judgment is reversed. The cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

### On Rehearing.

PER CURIAM. Application for rehearing overruled.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.