(91 South. 476)
**ROBINSON MINING CO. v. SWINEY.**
**(6 Div. 175.)**

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Granted, Nov. 17, 1921.)

1. **Master and servant** ⊚⇒153(1) — **Inexperienced minor tramming cars entitled to special instructions.**

The fact that a minor employé, who had never before been engaged in the work of tramming cars, told the superintendent that he understood tramming and that he could tram, did not excuse superintendent's failure to give him special instructions as to the work.

2. **Master and servant** ⊚⇒153(1) — **Inexperienced employés entitled to instructions though willing to undertake work.**

An inexperienced employé is not supposed to know the dangers of his employment, and the fact that he expresses a willingness to undertake it on request of his superior in authority does not relieve the employer of the duty of instructing and warning him of its dangers.

3. **Master and servant** ⊚⇒208(1)—**Risk of employer's failure to furnish safe place and instrumentalities not assumed.**

An employé with experience and knowledge of the inherent danger of his work assumes only its normal hazard, and not such as may arise from the failure of the employer to exercise the proper degree of care to furnish a safe place and proper instrumentalities or agencies.

4. **Master and servant** ⊚⇒203(1)—**Maxim of "Volenti non fit injuria," founded on employé's consent with full appreciation of obvious danger.**

The maxim, "Volenti non fit injuria," is founded on the consent, express or implied, of the employé with full knowledge and appreciation of obvious danger and the taking of chances of injury from such threatening situation or condition under which he contracts or voluntarily undertakes to discharge his services; the implication of consent not arising unless danger is obvious, known to, and appreciated by, such employé.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Volenti non fit injuria.]

*On Rehearing.*

5. **Master and servant** ⊚⇒296.(8)—**Instruction on contributory negligence held erroneous.**

In action for injuries to minor while engaged in tramming cars caused by defective brake stick, instruction on contributory negligence if the defect in said stick was so obvious

that a man of reasonable care would not have used stick *held* erroneous for failure to clearly hypothesize obvious danger.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by C. W. Swiney against the Robinson Mining Company for personal injuries while in its employment. Judgment for plaintiff, and defendant appeals. Affirmed on rehearing.

M. L. Ward, of Birmingham, for appellant.

The court erred in refusing the charges requested. 199 Ala. 177, 74 South. 246; 196 Ala. 604, 72 South. 161; 16 Ala. 326; 143 Ala. 632, 42 South. 27; 149 Ala. 291, 42 South. 1001.

Fred Fite, of Birmingham, for appellee.

The court properly refused the charges requested. 149 Ala. 452, 43 South. 378; 156 Ala. 297, 47 South. 149; 164 Ala. 33, 51 South. 169; 149 Ala. 449, 43 South. 378; 144 Ala. 157, 39 South. 898. The charges should have been refused because of the defects in them. 117 Ala. 9, 22 South. 666; 112 Ala. 1, 21 South. 214; 115 Ala. 9, 22 South. 585; 87 Ala. 723, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; 96 Ala. 555, 12 South. 397; 107 Ala. 40, 19 South. 37.

THOMAS, J. The suit for personal injury resulted in a verdict for plaintiff.

The assignment of error challenges the refusal to give, at defendant's request, written charges which we denominate "A" and "B":

"The plaintiff is bound to use his sense and reasoning faculty and attention for his own safety, is not entitled to recover for injury caused by inattention and indifference on his part, and in this case, if the defect in said stick was so obvious that a man of reasonable care would not have used said stick, then plaintiff would not be entitled to recover in this case." A.

"If the jury believe the evidence in this case that, the time the plaintiff was put to work in tramming cars by the superintendent, plaintiff told said superintendent that he understood tramming, and that he could do the work, then said superintendent had a right to rely on statement of plaintiff, and it was not the duty of said superintendent to give him any special instructions." B.

[1] The refusal of charge B was warranted under the evidence in the use of the words "told said superintendent that he understood tramming." The evidence of said superintendent was that—

"He told me he could tram. That was all that was said between he and me about his knowing how to tram, and he went * * * to work. * * * I told him to go ahead with the work after he said that he could do it."

The effect of this evidence was not more than that plaintiff expressed a willingness to do that work at the request of the superintendent, and that he understood its general nature. On this point plaintiff's evidence was that the superintendent "came down and told" plaintiff to "go up and tram cars," accompanying him to the point of his new labors; that witness had not performed the work of tramming cars previous to this effort which resulted in his injury; nor was he instructed by the superintendent or other of defendant's agents how to operate the cars in tramming.

[2, 3] An inexperienced employé is not supposed to know the dangers of his new employment, and the fact that he expresses a willingness to undertake it on request of his superior in authority does not relieve the employer or superintendent immediately in charge of the duty of instructing and warning the employé of its dangers or perils. King, Adm'r, v. Woodstock Iron Co., 143 Ala. 632, 42 South. 27; Woodstock Iron Co. v. Kline, Adm'r, 149 Ala. 391, 43 South. 362. An employé with experience and knowledge of the inherent danger of his work assumes only its normal hazard, and not such as may arise from the failure of the defendant or of some other employé to furnish a safe place and proper instrumentalities or agencies; and in the discharge of such duties to use that degree of care exacted by the law, so as to enable an employé or his coemployé to discharge the duties of his employment without undue peril. L. & N. v. Porter, 205 Ala. 131, 87 South. 288. If the peril is not obvious and inherent in the conditions under which the employé has to do his work, he may repose reliance upon a discharge of duty by the employer of taking due care or in making due provision (Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 South. 451), and to warn the inexperienced not to negligently order, negligently allow, negligently cause, or negligently fail in its duty to him in doing a dangerous work or act in its prosecution.

[4] The maxim, "Volenti non fit injuria," is founded on the consent, expressed or implied, of the employé with full knowledge and appreciation of obvious danger and the taking of chances of injury or escape from such threatening situation or condition under which he contracts or voluntarily undertakes to discharge his services. The implication of consent does not arise or exist unless the defect and danger are obvious—known to and appreciated by such employé. Choctaw C. & M. Co. v. Dodd, 201 Ala. 622, 79 South. 54; B. R., L. & P. Co. v. Milbrat, 201 Ala. 368, 78 South. 224; Clinton Min. Co. v. Bradford, 200 Ala. 308, 311, 76 South. 74; A. G. S. v. Flinn, 199 Ala. 177, 74 South. 246; Osborne's Adm'x v. Ala. Steel & Wire Co., 135 Ala. 571, 33 South. 687; Dwight Mfg.

Co. v. Holmes, 198 Ala. 590, 73 South. 933; S. S. Steel & I. Co. v. White, 203 Ala. 82, 82 South. 96; McGeever v. O'Byrne, 203 Ala. 266, 82 South. 508; Sou. Ry. Co. v. McGowan, 149 Ala. 440, 43 South. 378.

As a witness plaintiff stated that, when he began working with the brake stick, he did not see any defect therein, except that it was worn; that his continued use of it accentuated that condition or defect to the time it broke and caused plaintiff's injury; and that this wearing for its use was by contact with the wheel in checking the speed of the car. This condition and defect were obvious and open to the view of appellee when and as he used the stick, and required no expert knowledge or skill to appreciate the defect or insufficiency of the ·instrument for the purpose of its use, and the liability to subject him to injury when worn or broken. Such obvious condition and the probability of danger incident to the weight or strain to which it was subject in its use was apparent and to be appreciated by plaintiff in its continued use to the time of his injury. Such were the inferences from the evidence, warranting the giving of charge A in a submission of questions of initial and contributory negligence to the jury. S. S. Steel & I. Co. v. Reid, 191 Ala. 628, 632, 633, 68 South. 136; S. S. S. & I. Co. v. Smith, 185 Ala. 607, 64 South. 337; A. G. S. v. Flinn, supra; Clinton Min. Co. v. Bradford, supra, and authorities cited; Reynolds v. Woodward Iron Co., 199 Ala. 231, 74 South. 360; Republic I. & S. Co. v. Smith, 204 Ala. 607, 86 South. 908; Osborne v. Ala. Steel & Wire Co., supra; Gulf States Steel Co. v. Carpenter, 203 Ala. 331, 83 South. 55; Kyzer v. Kaul Lbr. Co., 200 Ala. 570, 76 South. 928; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 South. 979; Sou. Ry. v. Guyton, 122 Ala. 231, 25 South. 34.

Reversible error was the result of the refusal of this charge. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

#### On Rehearing.

PER CURIAM. [5] On further consideration of charge A, we conclude that it does not clearly hypothesize obvious danger which is required, as well as that of defect.

The application for rehearing is granted; the judgment of reversal is set aside, and the judgment of the circuit court is affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.