# Standard Portland Cement Co. *v.* Thompson.

## *Injury to Servant.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 608.)

1. *Master and Servant; Injury to Servant; Contributory Negligence.*—Under Subd. 1, section 3910, Code 1907, assumption of risk and contributory negligence on the part of an injured servant, by remaining in the employment after knowledge of a dangerous condition, cannot be pleaded in bar of recovery.

2. *Pleading; Facts or Conclusion.*—A plea alleging a dangerous condition in the employment should set forth facts and not mere conclusions drawn by the pleader.

Appeal from Birmingham City Court.

Heard before Hon. John H. Miller.

Action by J. Lucian Thompson against the Standard Portland Cement Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 4 is indicated sufficiently in the opinion. The following are the pleas: (3) Plaintiff was guilty of negligence which proximately contributed to his said injuries in this: That plaintiff knew of the alleged defect or negligence causing his alleged injury, and negligently failed within a reasonable time to give information thereof to his employer, or to some one superior

[Standard Portland Cement Co. v. Thompson.]

to himself engaged in the service or employment of his employer, and defendant avers that his employer, defendant in this case, did not already know of such defect or negligence, which was known to plaintiff.

(4) Plaintiff was guilty of negligence in this: That plaintiff knew of the alleged defect or negligence causing his alleged injury, and negligently failed within a reasonable time to give information thereof to his employer, or to some one superior to himself engaged in the service or employment of his employer, and defendant avers that plaintiff was not aware that his employer or such superior already knew of such defect or negligence, and defendant in fact did not know of such defect or negligence, which negligence on plaintiff's part proximately contributed to his alleged injury.

(6) Plaintiff assumed the risk of the alleged injuries in this: That the danger of the alleged defective ladder was plain, open, and obvious to one of plaintiff's experience, and that he had been upon said ladder on the day of the accident in the performance of his alleged duties, to wit, three times, and several times daily or at night according to his turn, for, to wit, two months prior to the date of his said injuries, and he knew and appreciated the danger of going upon said ladder in its then alleged condition.

The authorities noted in brief of counsel for appellee as supporting count 4 of the complaint are: *A. G. S. v. Davis,* 119 Ala. 576, 24 South. 862; *Sloss-S. S. & I. Co. v. Mobley,* 139 Ala. 425, 36 South. 181; *Jackson L. Co. v. Cunningham,* 141 Ala. 213, 37 South. 445; *Going v. Ala. S. & W. Co.,* 141 Ala. 537, 37 South. 784; *Grasselli-Chem. Co. v. Davis,* 166 Ala. 476, 52 South. 35; *Riddle v. Bessemer S. P. Co.,* 170 Ala. 559, 54 South. 525.

CHARLES A. CALHOUN, for appellant.

[Standard Portland Cement Co. v. Thompson.]

MATHEWS & MATHEWS, for appellee.

McCLELLAN, J.—Action for damages by the servant (appellee) against the master (appellant) for injuries sustained while in the service. The fourth count was the only count submitted to the jury. That count is drawn under the first subdivision of the liability statute (Code, § 3910), and ascribes the plaintiff's injury to a defect in the condition of a ladder, about 40 feet in length, from which plaintiff fell to the floor of the building. Under numerous decisions delivered here, some of which are noted on brief for appellee, the sufficiency of the count cannot now be the subject of question.

The court sustained demurrers to pleas 3 and 4. These pleas will be set out in the report of the appeal.

In the opinion, now in manuscript, in *Burnwell Coal Co. v. Russ Setzer, as Administrator, infra,* .67 South. 604, Code 1907, § 3910, so far as presently important, is set out, and the addition made to the previous statute (Code 1896, § 1749) in the codification of 1907 is indicated by the use of italics. It is not necessary at this time to again quote the statute as it is now of force. And it may be added that a construction, in part, of the present statute will be found in the opinion in the mentioned cause.

(1) The statute must be construed as a whole; and, when so considered, it is apparent that error effected the sustaining of the demurrer to pleas 3 and 4. The statute, after the addition of the italicized feature in the Code of 1907, has not destroyed or affected the doctrine of assumption of risk or contributory negligence except in the single particular that those defenses, to an action under the first subdivision of the liability statute (Code, § 3910), cannot be predicated of the fact that the injured servant remained in the service of the

[Standard Portland Cement Co. v. Thompson.]

master after he (servant) had knowledge of the defective condition or negligence to which in his complaint he attributes his injury, unless it was the injured servant's duty to remedy the defect, or the negligent act causing his injury was committed by him. In other words the sum of the effect of the added feature of the statute was simple to say: If it was not the duty of the injured servant to remedy the defect and if he did not commit the negligent act causing his injury, then assumption of risk or contributory negligence of the servant in remaining in the service cannot be pleaded in bar of a recovery under the first subdivision of the liability statute. Hence the preceding feature of the statute, to which pleas 3 and 4 are referable and which they invoke, was not affected by the addition of the provisions in the Code of 1907.

(2) Plea 6 was vitally defective in its omission to aver the *facts* from which the mere conclusion of alleged obviously dangerous condition of the ladder was deduced by the pleader. There was no error in sustaining the demurrer to plea 6.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.