M. E. BRADLEY ET ALS. v. CAMP MANUFACTURING COMPANY.

(Filed 26 February, 1919.)

1. **Fires—Damages—Evidence.**

Where the defendant is responsible in damages for the destruction of timber growing upon the plaintiff's lands, which it negligently set on fire, testimony of the difference between the value of the land before and after the burning is competent upon the issue as to the amount of damages recoverable in the action.

2. **Appeal and Error—Questions and Answers—Leading Questions.**

No error on appeal will be found the exclusion by the trial judge of a leading question asked by a party of his own witness.

3. **Trials—Counsel—Arguments—Instructions.**

A remark of counsel in his address to the jury will not be considered, on appeal, as such a flagrant abuse of his privilege as to warrant a new trial, when it appears that the jury doubtless passed it by without prejudice as being merely a too fervid utterance in the heat of debate, and the judge's charge was sufficient to prevent an injurious· effect upon the adversary party.

4. **Instructions — Contentions — Misstatements — Court's Opinion—Contentions—Appeal and Error—Objections and Exceptions.**

An objection to a statement.by the trial judge of the allegations and contentions of the parties should be made at .the time to afford him an opportunity for correction, or it will not be considered on appeal; nor will the statement be regarded as an intimation by the judge of his own ·opinion.

**5. Instruction—Court's Opinion—Damages—Pleadings—Appeal and Error—Prayers for Instruction.**

> The mere restriction of the amount of damages recoverable in an action to the demand therefor, as stated in the complaint, is not to the defendant's prejudice nor objectionable, as an expression of the opinion of the judge thereon, it being required that defendant offer special prayers if he desired more specific instructions as to the measure of damages.

**6. Fires—Damages—Timber—Evidence.**

> In this action to recover damages for the negligent setting fire to the timber on plaintiff's lands, there was evidence tending to show that a spark from defendant's engine set fire to defendant's foul right of way and burned the plaintiff's adjoining lands, and it is held sufficient to take the case to the jury, it being incumbent on the defendant to satisfy the jury that its engine, which was in its possession and control, was properly equipped and handled, they being matters peculiarly within its own knowledge, or take the chance of an adverse verdict.

**7. Appeal and Error — Indefinite Objection and Exception — Exception to Charge Containing Two Propositions, One Correct and the Other Not.**

> Exceptions to the judge's charge, embracing two separate propositions, one of which is correct, is too broad, and will not be considered on appeal.

BROWN, J., not sitting.

ACTION tried before *Kerr, J.,* and a jury, at August Term, 1918, of NORTHAMPTON.

Plaintiff alleged that the timber, brush, rails, and fences on his land were burned by sparks which came from defendant's locomotive engine as it passed near plaintiff's premises, and that the fire was caused by the negligence of the defendant.

There was ample testimony to show that the fire was set out by defendant's engine, and the jury found that it was negligently done, and assessed the damages. Defendant appealed from the judgment upon the verdict.

*W. L. Long, W. H. S. Burgwyn, and George C. Green for plaintiff.*
*Winborne & Winborne, Peebles & Harris, and G. E. Midyette for defendant.*

WALKER, J. As to Massey's testimony concerning the value of the timber, there was no error, because he testified that, irrespective of what he got for his own timber, or its value, he was of the opinion that the difference in value of plaintiff's land before and after the fire was between $15 and $20 per acre. We do not concede, though, that the objection was made in proper time, or that it was not within the discretion of the court whether or not it would consider it.

The question asked the witness, J. A. Shaw, was leading, and properly

excluded on that ground, even if it was otherwise competent, which it seems not to be. *G. F. U. Warehouse Co. v. Am. Agr. Chemical Co.,* 176 N. C., 509.

The remarks of counsel to which exception was taken were not such a flagrant abuse of their privilege as to be ground for a new trial. It is apparent that no real harm was done, and the jury doubtless passed it by, without prejudice, as being merely a too fervid utterance of counsel in the heat of debate. It was intended only to emphasize the absurdity of defendant's very small estimate of the plaintiff's loss. It is one of the inseparable incidents of all trials, and should not be taken too hard, but overlooked upon the principle of "give and take." It was provoked, too, by what the defendant had previously said.

The judge's charge as to damages was sufficient to prevent injury to the defendant in this case from the remark.

We do not agree with the learned counsel that there was any intimation of opinion by the court upon the facts. When it is supposed to have occurred, the judge was only stating the allegations, or contentions, of the plaintiff, and the nature of the case, and not expressing any view of his own. If he misstated them, his attention should have been called to it then, when timely correction could be made by him. It is too late after verdict to complain. *Jeffrees v. R. R.,* 158 N. C., 215; *S. v. Cox,* 153 N. C., 638; *S. v. Blackwell,* 162 N. C., 672; *S. v. Merrick,* 172 N. C., 870; *S. v. Johnson, ibid.,* 920; *S. v. Earl Neville,* 175 N. C., 731. He who fails to speak when his time comes to be heard will not be heard when he should be silent. He will not be allowed two chances at the verdict. *S. v. Tyson,* 133 N. C., 692. But a mere recital of contentions, as we have seen, is no expression of an opinion upon the facts or the weight of the testimony. *Jarvis v. Swain,* 173 N. C., 9. Restricting plaintiff's maximum recovery to the amount stated in the complaint was in favor of defendant, and surely is no expression of opinion that the damages should be the amount thus claimed. If defendant desired more specific instructions as to damages, it should have asked for them.

The charge upon negligence, when considered as a whole, was in accordance with our decisions upon the subject. *Aycock v. R. R.,* 89 N. C., 321; *Williams v. R. R.,* 140 N. C., 623; *Knott v. R. R.,* 142 N. C., 242; *Haynes v. Gas Co.,* 114 N. C., 207; *Cox v. R. R.,* 149 N. C., 117; *Kornegay v. R. R.,* 154 N. C., 389; *McRainey v. R. R.,* 168 N. C., 570; *Aman v. Lumber Co.,* 160 N. C., 370, and especially *Boney v. R. R.,* 175 N. C., 354, where the principal cases are collected and the doctrine stated. The charge must be construed as a whole. *Kornegay v. R. R., supra.*

There was sufficient evidence to prove that the track was foul, and also the space within 10 feet of it, and that the fire started there and burned the adjoining lands. It was for the jury to say whether the engine was

properly equipped and handled, as the cases we have just cited show; and it was for the defendant to satisfy the jury that there was no negligence in this respect to take the chance of an adverse verdict. The facts were peculiarly within its knowledge, as it had the possession and control of the engine, and could establish them better than could the plaintiff. *Haynes v. Gas Co., supra.*

We may further say that the exception to the charge is too broad, as it embraces two separate propositions, one of which is plainly correct. *Quelch v. Futch,* 175 N. C., 694, and cases cited.

There is no merit in the other exceptions.

No error.