(86 South. 908)

**REPUBLIC IRON & STEEL CO. v. SMITH.**
**(6 Div. 12.)**

(Supreme Court of Alabama. Oct. 28, 1920.)

**1. Jury ⟨⟩83(2)—Excusing from list a juror not summoned, but used as witness, held not abuse of discretion.**

Although a juror had not been summoned as a witness, yet where plaintiff announced an intention to use him as an expert, and he was so used, it was not an abuse of the court's discretion to excuse such juror from the list.

**2. Master and servant ⟨⟩258(10)—Count under statute for defect in hoisting machinery held not too general.**

A count for recovery under Code 1907, § 3910, subd. 1, alleging that "the device, apparatus, or appliances used in hoisting iron ore from defendant's mine were defective," held not subject to demurrer as being too general, where there was but one hoisting apparatus.

**3. Master and servant ⟨⟩289(19)—Contributory negligence of hoisting engineer injured by strain held for jury.**

In an action by a steam hoisting engineer, complaining of hernia resulting from the operation of an electric hoisting machine, where the jury could infer from the conflicting evidence that plaintiff was not cognizant of any such impending danger, and that, while standing in a strained position, the defective machinery gave a jerk, causing such injury, denial of an affirmative charge for defendant on the theory of contributory negligence was not error.

**4. Master and servant ⟨⟩288(14)—Assumption of risk by hoisting engineer injured by strain held for jury.**

In an action by a steam hoisting engineer complaining of hernia resulting from handling a defective electric hoisting machine, an affirmative charge for defendant on the theory of assumed risk held properly refused on evidence that plaintiff remained in the service because of defendant's continuous efforts to remedy the defect, and not because of increased pay.

**5. Master and servant ⟨⟩288(4)—Affirmative charge on risk of injury from overexertion held properly refused.**

An affirmative charge for defendant employer on the theory that plaintiff hoisting engineer was a better judge of his own strength, and that if he overtaxed himself the risk occasioned was his own, held properly refused on evidence permitting the inference that the plaintiff was ruptured by the jerking of a defective electric hoisting machine while he was in a strained position.

**6. Trial ⟨⟩260(1)—Refusal of charge on matter otherwise sufficiently covered not error.**

It is not error to refuse a charge on a matter sufficiently covered by other charges given.

**7. Trial ⟨⟩261—Refusal of charges containing typographical errors held not error.**

Where refused charges used the word "deceased" when the word "plaintiff" was intended and the word "defendant" where "defect" must have been intended, their rejection was justified.

**8. Evidence ⟨⟩527—Expert properly allowed to state effect of controller on electric machinery.**

In a servant's personal injury action against a master, where a witness qualified as an expert upon electricity and its control, it was not error to permit him to testify that a master controller would have obviated the difficulty hypothesized in a question concerning a defective electric hoisting device.

**9. Appeal and error ⟨⟩1048(5)—Question answered in the negative held not reversible error.**

In a servant's action against a master for injuries resulting from defective electrical hoisting apparatus, an assignment of error to a question asked defendant's superintendent as to whether or not he had at that time purchased a master controller to obviate such difficulty held not reversible error, where the witness indicated he did not know, and finally denied the purchase.

**10. Trial ⟨⟩256(13)—Instruction as to amount of recovery held not erroneous as intimating court's view of evidence in absence of request.**

In a servant's personal injury action, instructions given at suggestion of plaintiff's counsel advising the jury that plaintiff could not recover more than he had sued for, held not erroneous for indicating the court's view of the evidence, since defendant could have requested a sufficient instruction.

**11. Damages ⟨⟩130(3)—$2,999.99 held not excessive for hernia, causing loss of work and necessitating going to hospital for operation.**

Where a servant was ruptured by the jerking of machinery while he was standing in a strained position, lost time from work, and had to go to a hospital for a surgical operation, held that a verdict for $2,999.99 was not excessive.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by W. D. Smith against the Republic Iron & Steel Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by appellee against appellant to recover damages alleged to have been sustained by the plaintiff while in the employ of defendant, engaged in the operation of a hoisting apparatus or device used for hoisting the ore from defendant's mine. The cause went to the jury upon count A, to which the defendant pleaded in short by consent the general issue, assumption of risk, and contributory negligence. The trial resulted in a judgment for plaintiff for the full amount sued for, which was $2,999.99, from which this appeal is prosecuted.

Upon the case being called for trial 24 citizens were called to be qualified as jurors, among whom was one Kerr. When Kerr's name was called, plaintiff's attorney stated that he expected to use Mr. Kerr as a witness in the case, and asked that he be excused. Defendant objected because he had not been subpœnaed. The objection was overruled, and defendant excepted, and Juror Kerr was excused, and another juror called to fill his place. These 24 men were qualified, and, a struck jury being demanded, each party struck 6 men. Kerr was used as a witness by plaintiff on the trial.

Count A rested for recovery upon subdivision 1 of section 3910 of the Code of 1907, for a defect in the ways, works, machinery, or plant of the defendant, which defect consisted in this, viz.:

"The device, apparatus, or appliances used in hoisting iron ore from the defendant's mine were defective."

There were demurrers to this count upon the ground that the defect is not set out, and that the same is indefinite and uncertain. The demurrers were overruled.

The evidence for the plaintiff tended to show that he had been in the employ of the defendant in the operation of this hoisting machine for some few months; that he was a steam hoisting engineer, and not an electrician; that the machine was changed from a steam hoisting machine to one run by electricity; and that the controller was on his left hand and the brake on the right. The controller was supposed to control the current, and the brake to stop the drum, which is that on which the cable pulling the cars ran. When the controller was on a notch it would control it all right. The current was strong, and to reduce same a salt solution was used—this solution the electrician attended to. When the 250 horse power apparatus was put in, plaintiff's boss told him to run it. The controller controlled the machine, and the apparatus was difficult to control because the current was too strong at the starting point. Plaintiff complained to the superintendent, who stated it would be remedied in a short while, and plaintiff worked with the apparatus for as long as four months after he told the superintendent it was uncontrollable, and it was never fixed. "They were making every effort to fix it during that time to entice me to stay there; they were trying to put it in controllable all the time is what enticed me to stay at an increase of salary." Plaintiff had to keep his hand on the brake to hold the machine down and keep it from jerking the trips off. It did not at any time jerk him down, but was hard to hold the brake on account of the increasing power. Plaintiff further testified that nothing broke about the brake, nor did it jerk loose. With the controller on the lowest point the amount of electricity supplied was excessive. There were notches on the brake, but if the brake was inserted in the first notch the friction applied was insufficient to properly regulate the speed of the hoisting apparatus, and if it was inserted in the second notch the friction applied to the drum was too great, and therefore it was necessary for the plaintiff in operating the machine to hold his right hand on the brake lever by main strength between the first and second notches. This was an old steam hoister electrified. It did not at this time have a master controller, but some time after the injury one was put on. As to whether or not the master controller would have remedied the trouble is a matter in dispute. At the time of the injury plaintiff was operating this hoisting device with his left hand on the controller and his right hand holding the brake, and on account of the foregoing condition of the apparatus and the power of the current, he was under some strain, and had to keep the controller on the weakest point by applying the brakes to hold the machine down to keep it from jerking the trips off. "It did not jerk me down, but the power continued, so it continued jerking the machine, the power increasing more and more, and on account of the increasing power it was hard to hold the brake," and as a result of the strain his entrails dropped down, resulting in a rupture for which he was afterwards treated by physicians and an operation had. Defendant's evidence tended to show that the device was not defective, although the brake was hard to hold, but could be held without any trouble and without producing any strain. Further, that the plaintiff was not ruptured, but had some other trouble, not the result of injuries received.

At the conclusion of the oral charge of the court there was an agreement between counsel that the verdict may be placed in

form if not in form, and judgment rendered; it being understood that the verdict might be handed to the bailiff.

Plaintiff's counsel stated to the court, but not in the hearing of the jury, that the oral charge had not been clear as to the amount of damages, and that an agreement as to the form of the verdict would not cure the error if a verdict should be rendered for more than the amount claimed; and that, unless this phase of the case was more fully explained or the agreement extended to cover it, plaintiff wanted time to prepare a written request on this point. Counsel for defendant did not offer or agree to extend the agreement with reference to the verdict, and the court immediately further charged the jury as follows:

"Gentlemen of the jury, I will say to you as a matter of precaution—advice—that the plaintiff can only recover the amount he sued for, not more than that."

The defendant reserved exception to this part of the oral charge of the court, the court stating, "That is, the verdict must not exceed the amount sued for," to which exception was reserved.

Percy, Benners & Burr, and Salem Ford, all of Birmingham, for appellant.

The defect must be pointed out with definiteness in a count charging defect of ways, etc. 122 Ala. 118, 26 South. 124; 164 Ala. 125, 51 South. 397, 137 Am. St. Rep. 31; 171 Ala. 251, 55 South. 170; 183 Ala. 310, 62 South. 804; 203 Ala. 78, 82 South. 92. Where there is a defect, and the employee has knowledge of the defect and the dangers, he is guilty of contributory negligence if he continues to expose himself to the defect. 80 Ala. 123; 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; 99 Ala. 359, 13 South. 8, 20 L. R. A. 457; 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; 152 Ala. 191, 44 South. 652; 164 Ala. 49, 51 South. 169; 6 Ala. App. 448, 60 South. 475; 110 Miss. 214, 70 South. 246; 203 Ala. 82, 82 South. 96. An employer may leave something to the intelligence of the servant and the exercise of self-preservation. 171 Ala. 212, 55 South. 139; 192 Ala. 651, 68 South. 1008; 183 Ala. 310, 62 South. 804. Where a servant voluntarily continues in the service and exposes himself to added danger on account of increase in wages, he cannot recover. 164 Ala. 33, 51 South. 169. A servant cannot hold the master liable for overstraining his muscles or overtaxing himself, as he must be the judge of this. 106 Tenn. 236, 61 S. W. 53; 158 Ind. 634, 64 N. E. 217; 99 Ga. 283, 25 S. E. 646; 108 Minn. 199, 121 N. W. 903, 25 L. R. A. (N. S.) 362, 17 Ann. Cas. 240; 192 Ala. 364, 68 South. 274, L. R. A. 1915E, 369.

204 ALA.—39

David J. Davis and Black & Harris, all of Birmingham, for appellee.

The hoisting apparatus of a device was defective. 97 Ala. 240, 12 South. 88; 165 Mass. 202, 43 N. E. 85. Count A was not subject to the demurrer interposed. 150 Ala. 368, 43 South. 348; 178 Ala. 521, 59 South. 445; 191 Ala. 444, 67 South. 608; 141 Ala. 213, 37 South. 445; 76 South. 928. The servant was not guilty of contributory negligence from the facts in this case. 200 Ala. 308, 76 South. 74; 199 Ala. 231, 74 South. 360; 191 Ala. 444, 67 South. 608. Counsel discuss the charges given and refused.

GARDNER, J. [1] Although the juror Kerr had not been summoned, yet plaintiff announced that he wanted to use him as an expert witness, and he was in fact so used. The court, mindful of its duty to see that trials are impartially had (Underwood v. State, 179 Ala. 9, 60 South. 842), excused the juror from the list of those from which the jury was to be selected, and we are of the opinion this was but the exercise of a wise and prudent discretion of which the defendant cannot complain.

[2] It is next insisted count A was subject to demurrer, in that the averment of the defect in the ways, works, or machinery of the defendant's plant is too general, and much reliance is had upon the case of T. C. I. & R. R. Co. v. Smith, 171 Ala. 251, 55 South. 170, wherein it was held that the following description was insufficient: "In that said mine entry was in a defective and unsafe condition." That case is easily distinguishable from the instant case, for, as pointed out in the opinion, the complaint disclosed that there were several mine entries. Here, it does not appear there was more than one hoisting apparatus, and we are of the opinion that this description was sufficiently definite to direct the defendant's attention to that part of its plant or machinery as to which plaintiff complains, and sufficiently meets the requirements of pleading under the authorities of Jackson Lumber Co. v. Cunningham, 141 Ala. 206, 37 South. 445; West Pratt Coal Co. v. Andrews, 150 Ala. 368, 43 South. 348. See, also, Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 59 South. 445; Standard Portland Cement Co. v. Thompson, 191 Ala. 444, 67 South. 608; Caldwell v. Watson, 183 Ala. 326, 62 South. 859. The case of Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804, cited by appellant's counsel, is not here directly in point, but we have reached the conclusion that the count here in question meets the general requirements of pleading there laid down.

There are many distinguishing features between the instant case and what was said in the original opinion in Shelby Iron Co. v.

Bean, 82 South. 92,[1] but this latter case is not to be used as an authority upon this point, as will appear from an examination of the opinion rendered on rehearing when the court reached the conclusion that the action of the trial court in overruling the demurrer to the complaint could not be reviewed in the condition of the transcript as there presented.

[3] It is further insisted that defendant was entitled to the affirmative charge on account of plaintiff's contributory negligence, upon the doctrine of volenti non fit injuria, and a number of decisions are cited, including A. G. S. R. R. Co. v. Flinn, 199 Ala. 177, 74 South. 246; Sou. Cotton Oil Co. v. Walker, 164 Ala. 33, 51 South. 169; S. S. S. & I. Co. v. White, 203 Ala. 82, 82 South. 96; L. & N. R. R. Co. v. Sharpe, 171 Ala. 212, 55 South. 139, and S. S. S. & I. Co. v. Reid, 191 Ala. 628, 68 South. 136. We have carefully examined these authorities, and find nothing in them which would justify the affirmative charge for the defendant in the instant case, under the facts as here presented; and to mark out the distinguishing features would extend the opinion unnecessarily. Suffice it to say in the case before us the evidence tends to show that plaintiff at the time he sustained his injuries was in the discharge of his duties with his left hand upon the controller and his right hand upon the brake, all of which was necessary in the operation of this hoisting apparatus. He knew of the defective operation of this appliance; had complained to the superintendent in regard thereto, and had received promises that it would be remedied, and thereupon continued in the service for some months thereafter. There was nothing to show that it was his duty to remedy this defect, or that he had been guilty of any negligent conduct in respect thereto. Merely continuing in the employment of defendant under these circumstances would not give rise to the doctrine of contributory negligence or the assumption of risk on his part. S. S. S. & I. Co. v. White, supra; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604.

The evidence for the plaintiff tended to show that on account of the manner of the operation of this appliance, plaintiff was under some strain, but not sufficient to be noticeable during the time of his operation of the apparatus. On the other hand, the evidence for the defendant tended to show that the operation of the hoisting apparatus did not produce any appreciable strain upon the body. The jury could therefore infer from the evidence that plaintiff was not cognizant that he was in any imminent or impending danger of being ruptured or suffering bodily harm from the operation of this appliance. The jury could also infer that while the plaintiff was standing in this somewhat strained position the machine gave a jerk which resulted in the injuries sustained.

[4] Counsel for appellant place particular stress upon S. S. S. & I. Co. v. Reid, 191 Ala. 628, 68 South. 136, but in that case the employé knew of the danger, and placed his hand on the crank, which act was wholly unnecessary, for, as stated in the opinion, "his hand was placed on the crank thoughtlessly and in utter disregard of an obvious and imminent danger." The argument is further advanced that the affirmative charge was due the defendant upon the theory that the evidence shows without dispute that the plaintiff knew of the defective condition of the apparatus, and agreed to assume the abnormal risk due to such defect in consideration of higher pay. Southern Cotton Oil Co. v. Walker, 164 Ala. 33, 51 South. 169.

The plaintiff's evidence shows repeated promise to remedy the defect, and efforts to do so, as well as increased pay, while the evidence for the defendant tends to show plaintiff made no complaint concerning the appliance. The jury could infer from the proof, therefore, that the plaintiff remained in the service on account of these continuous efforts to remedy the defect. But in no event could it be said the proof showed without dispute that he remained and assumed greater risk for higher pay.

[5] It is further argued that plaintiff was the better judge of his own strength, and if he overexerted himself the risk thus occasioned was his own, and the following authorities on the subject are called to our attention. Roberts v. Ind. St. Ry. Co., 158 Ind. 634, 64 N. E. 217; Ferguson v. Phœnix Cotton Mills, 106 Tenn. 236, 61 S. W. 53; L. & N. R. R. Co. v. Lee, 97 Ala. 325, 12 South. 48; T. C., I. & R. Co. v. Moody, 192 Ala. 364, 68 South. 274, L. R. A. 1915E, 369. These cases, however, are not applicable to the facts here presented. Here the jury could infer that, while plaintiff was in a somewhat strained (though not dangerous) position, intense pressure or force produced by the machinery was brought to bear upon plaintiff's body, and thereby produced the rupture, which is an entirely different case from those cited.

[6, 7] Assignments of error 7, 8, and 9 deal with refusal to defendant of charges 10, 5, and 9. Charge 5 was covered by charge 4, given for defendant, as well also by the oral charge of the court. In charge 10 the word "deceased" is used where no doubt was intended the word "plaintiff"; and in charge 9 the word "defendant" is found where must have been intended the word "defect." These typographical errors rendered the charges faulty, and under the previous decisions of this court justified their refusal (Tutwiler Coal & Iron Co. v. Enslen, 129 Ala. 336, 30 South. 600; Reli-

---

[1] 203 Ala. 78.

ance Iron Co. v. Garth, 192 Ala. 91, 68 South. 871); and we need not stop to inquire whether or not they were otherwise faulty.

[8] The witness Kerr qualified as an expert upon electricity, and the control of the same, and we find no error in the action of the court in permitting the witness to testify that a master controller would obviate the difficulty hypothesized in the question based upon the evidence in the case.

The eleventh assignment of error deals with the ruling of the court on a question which does not appear to have been answered.

[9] The twelfth assignment of error relates to the action of the court in overruling objection to the question to the defendant's superintendent whether or not he had at that time purchased for defendant a master controller. The witness indicated he did not know, and finally denied such purchase. There is nothing in this action of the court constituting reversible error.

The charge given at plaintiff's request (the third assignment of error) was proper. Standard Portland Cement Co. v. Thompson, 191 Ala. 444, 67 South. 608; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74.

When considered in connection with the entire oral charge, and charges given for the defendant, there was no error in that portion of the oral charge forming the basis for the thirteenth assignment of error.

[10] So, likewise, that portion of the charge set out in the fifteenth assignment of error. There should, of course, be no intimation to the jury of the court's view of the evidence, or the right to recovery by either party, but it was certainly not improper for the court to instruct the jury that a recovery could not be had for a greater sum than the amount sued for. Bradley v. Camp Mfg. Co., 177 N. C. 153, 98 S. E. 318; Root v. Cudahy Packing Co., 94 Kan. 339, 147 Pac. 69. If counsel for defendant feared any injurious consequences from the instruction being given as it occurred in the instant case, they could have avoided the same by agreeing for correction of the verdict in this respect, or could have requested an instruction which would have answered the purpose.

[11] We have given careful consideration to the insistence there was error in denying a motion for new trial upon the ground that the verdict was contrary to the great weight of the evidence, and the further ground that it is excessive. The rules governing this court upon review of such questions are familiar, and need not be repeated. We enter into no discussion of the facts. Suffice it to say, that after a painstaking review of this record, and in the light of the rules by which we are to be governed, we are unwilling to reverse the cause upon either of these

grounds. Another ground of the motion is to the effect that the verdict was contrary to the law as enunciated by the court, but this is clearly without merit, and needs no separate treatment here.

It results that no reversible error appears, and the judgment will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.